UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE JOSEPH, SCOTT DENLEY, ANTHONY BARBATO, BRYAN WALSH, LATORIA BOSLEY, and DARNELL EASON, on behalf of all persons similarly situated,

Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

Defendants.

JEFFREY MERCADO, TYRONE PRINGLE, ADAM ROMAN, KEVIN KNOIS, and EDWARD KALANZ, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/24/2021____

20 Civ. 5776 (AT)

20 Civ. 6533 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Before the Court are two related cases involving alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendants, Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority, move to consolidate the actions. ECF No. 55.[1] Although Plaintiffs in the first-filed action (the "*Joseph* Action") do not oppose Defendants' motion, No. 20 Civ. 5776, ECF No. 36, Plaintiffs in the later-filed action (the "*Mercado* Action") do, ECF No. 71. For the reasons stated below, the motion is DENIED.

Cases may be consolidated where they involve "a common question of law or fact." *Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 143 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 42(a)). A court may consolidate cases "to avoid unnecessary costs or delay," but "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Thus, "consolidation should not be permitted if it would cause delay or undue prejudice." *Scott v. Newsday, Inc.*, No. 88 Civ. 0152, 1989 WL 20598, at *4 (E.D.N.Y. Mar. 3, 1989).

---

[1] All docket entries refer to documents as numbered in *Mercado et al. v. Metro. Transp. Auth. et al.*, No. 20 Civ. 6533 (S.D.N.Y.), unless otherwise noted.

The two actions are similar because both groups of Plaintiffs allege FLSA violations against the same employer.  ECF No. 1; No. 20 Civ. 5776, ECF No. 24.  However, some of the *Joseph* Action Plaintiffs might be exempt under the FLSA because they are salaried, unlike the *Mercado* Plaintiffs.  No. 20 Civ. 5776, ECF No. 24 ¶ 38; ECF No. 33-2 ¶¶ 29, 31; *see Castro v. Metro. Transp. Auth.*, No. 04 Civ. 1445, 2006 WL 1418585, at *3 (S.D.N.Y. May 23, 2006) ("[A]n executive, administrative, or professional employee . . . who performs certain duties and is paid on a salary basis at a rate of not less than $455 per week" is exempt from the provisions of the FLSA).  Additionally, unlike the *Joseph* Action Plaintiffs, the *Mercado* Action Plaintiffs allege that Defendants did not pay them for off-the-clock work and shaved their work time through their timekeeping system.  ECF No. 1 ¶¶ 120–44.  Because the *Joseph* Action Plaintiffs' claims are more limited, and because more discovery would be needed in the *Joseph* Action to establish whether the FLSA applies, consolidation is not appropriate.  *See Sands v. Manhattan Beer Distrib., Inc.*, No. 08 Civ. 0182, 2009 WL 10709098, at *2 (E.D.N.Y. Mar. 10, 2009) ("Given the broader scope of [one plaintiff's] claim and the need for more discovery in that case, consolidation [with another case against the same defendant] would be improper and may result in unfair prejudice . . .").

Accordingly, Defendants' motion to consolidate is DENIED.  By **July 15, 2021**, Defendants shall answer or otherwise respond to the complaints.

SO ORDERED.

Dated: June 24, 2021
New York, New York

ANALISA TORRES
United States District Judge