```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/9/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE JOSEPH, SCOTT DENLEY, ANTHONY BARBATO, BRYAN WALSH, LATORIA BOSLEY, DARNELL EASON, CERRONE DANZY, WORRELL FRANCIS, LORENZO THOUSAND, and JASON VASQUEZ, on behalf of all persons similarly situated,

                         Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

                         Defendants.

20 Civ. 5776 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs Wayne Joseph, Scott Denley, Anthony Barbato, Bryan Walsh, Latoria Bosley, Darnell Eason, Cerrone Danzy, Worrell Francis, Lorenzo Thousand, and Jason Vasquez bring this action against Defendants Metropolitan Transportation Authority (the "MTA") and Triborough Bridge and Tunnel Authority (the "TBTA"), claiming, *inter alia*, unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *See generally* ECF No. 51. Having reached a settlement (the "Settlement"), ECF No. 75 at 10–18, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 75 at 1–8. For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

I.      Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve

2

agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides Plaintiffs with a recovery of $105,158.96. *See* Letter at 3–4; *see also* Settlement ¶ 2. The Settlement will allow the parties to "avoid the significant expense of fact discovery (including depositions), dispositive motion practice, expert discovery, and potentially, a fact-intensive trial." *See* Letter at 6. The parties note that the Settlement considered "the seriousness of the litigation risks, in particular, in connection with the threshold issue of whether Plaintiffs fall into categories exempt from the FLSA or that, during some or all of the [r]egular [w]ork [p]eriod of Plaintiffs, they would not be considered to be performing non-union . . . duties." *Id.* at 4–5; *see also id.* at 6. The parties state that "[f]urther litigation in this case would result in additional expense which could easily reduce the possible recovery to Plaintiffs, particularly for a case involving ten different named Plaintiffs, each with different

employment histories" and union participation. *Id.* at 6. Further, the parties indicate that the parties "are represented by counsel experienced in litigating employment and wage/hour cases," and that the Settlement was the product of "arms-length settlement negotiations." *Id.* at 3, 6. The parties also state that "[t]here is no possibility or evidence of fraud or collusion in the negotiations of the [Settlement]." *Id.* at 7.

However, the parties do not state the range of possible recovery for each Plaintiff. Instead, the parties note that the Settlement "provides between 40% to 63% of each Plaintiff's potential recovery for the full statutory three-year period were they to succeed on all claims completely without any offsets," and that "[t]he [o]fficers are provided 40% of their potential recovery (50% for [P]laintiff Bosley who was an elected [o]fficer for only a portion of the relevant time period) and 63% for the remaining Plaintiffs." *Id.* at 4. The parties have not provided the Court with each party's estimate of the number of hours worked or the applicable wage for each Plaintiff. The parties have also not attached any evidence supporting their argument that the settlement amounts for each Plaintiff represent "a significant positive result for Plaintiffs," *id.* at 6, let alone that they are fair and reasonable. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015) ("In the absence of such information, the Court cannot discharge its duty to ensure that the proposed settlement is fair and reasonable."). The Court, therefore, cannot find that the factors outlined in *Wolinsky* are met.

In addition, the Settlement contains a liability release. Settlement ¶ 1(l). The Settlement releases from liability numerous entities beyond Defendants, including

> any of [Defendants'] past or present affiliates or subsidiaries now or as they and/or their successors may be constituted in the future, including but not limited to, MTA New York City Transit, MTA Bus Company, the Manhattan and Bronx Surface Transit Operating Authority, Metro-North Commuter Railroad Company, Long Island Rail Road, Metropolitan Suburban Bus Authority (Long Island Bus), Staten Island Rapid Transit Operating Authority, MTA Construction & Development, and

> Grand Central Madison Concourse, its or their past or present officers, officials, directors, employees, managers, supervisors, representatives, attorneys, and agents, and its or their heirs, predecessors, successors and/or assigns.

*Id.*; *see also Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022) (noting that a liability release was overbroad because it "released from liability an impermissibly large number of entities beyond [d]efendants"). The release is also overbroad as to Plaintiffs, binding individuals who are not part of this lawsuit. Settlement ¶ 8(a) (releasing "all Plaintiffs who sign the [Settlement], on behalf of their of their respective current, former, and future heirs, family members, spouses, executors, administrators, trustees, agents, assigns and legal representatives, and each of their respective agents, representatives and attorneys"). Although the release clause is limited to

> any and all FLSA [w]age and [h]our [c]laims (as defined in [§] 1), and any and all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, attorneys' fees and costs that were asserted or could have been asserted under the FLSA in this [l]itigation, whether known or unknown, suspected and/or unsuspected, concerning, relating to and/or otherwise arising out of the time Plaintiff was employed for the [TBTA] during the [r]elevant [t]ime [p]eriod, which is from August 1, 2017 until the Court's [approval of the Settlement,]

*id.*; *see also id.* ¶ 8(b), "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff[s] had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (citation omitted). The parties provide no support for their assertion that "[t]he scope of the release . . . is appropriately tailored given the corporate relationship among Defendants and the identified subsidiaries and affiliates." Letter at 7. And, Plaintiff is afforded no release from liability whatsoever. *See generally* Settlement. The

5

Court cannot conclude that the Settlement's release clause is "fair and reasonable," and, accordingly, shall not approve the Settlement.

The Settlement states that the Court shall retain jurisdiction "for all purposes relating to the review, approval, and enforcement of th[e Settlement]." Settlement ¶ 17. The Court shall only retain jurisdiction over enforcement of an approved settlement agreement in this matter for one year.

Turning to attorney's fees and costs, Plaintiffs' counsel seeks "one-third of Plaintiffs' monetary recovery by settlement," in the amount of $9,850. Letter at 7. "[A] proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" *Lopez*, 96 F. Supp. 3d at 181 (quoting *Wolinsky*, 900 F. Supp. 2d at 336). Plaintiffs' counsel has not submitted any documentation supporting the request. The Court cannot approve the fee request in its current form.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to refiling a revised and complete motion. By **May 22, 2023**, the parties may file a revised and complete motion consistent with this order.

SO ORDERED.

Dated: May 9, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge