UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE JOSEPH, SCOTT DENLEY, ANTHONY BARBATO, BRYAN WALSH, LATORIA BOSLEY, DARNELL EASON, CERRONE DANZY, WORRELL FRANCIS, LORENZO THOUSAND, and JASON VASQUEZ,

                Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/5/2023_

20 Civ. 5776 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs Wayne Joseph, Scott Denley, Anthony Barbato, Bryan Walsh, Latoria Bosley, Darnell Eason, Cerrone Danzy, Worrell Francis, Lorenzo Thousand, and Jason Vasquez bring this action against Defendants Metropolitan Transportation Authority (the "MTA") and Triborough Bridge and Tunnel Authority (the "TBTA"), claiming, *inter alia*, unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. See generally* ECF No. 51. After reaching a settlement (the "Settlement"), ECF No. 75 at 10–18, the parties sought the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 75 at 1–8. On May 9, 2023, the Court denied the parties' motion without prejudice to renewal (the "Order"). ECF No. 76. Before the Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 77-1, and the parties' renewed motion for settlement approval (the "Revised Letter"), ECF No. 77.[1]

---

[1] On June 2, 2023, Defendants filed a revised settlement agreement with "a minor amendment to the release in the Revised Settlement," whereby "the [r]eleased [p]arties include 'affiliates and subsidiaries' of Defendants." ECF No. 78 at 1.

For the reasons stated below, the motion is DENIED without prejudice to renewal.

## DISCUSSION

I. <u>Legal Standard</u>

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-

length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

In the Revised Letter, the parties explain their efforts to ascertain "comprehensive theories of liability and methodology for damage calculations for each claim" in this action. Revised Letter at 4. The Revised Letter appends a spreadsheet "summarizing maximum possible recoveries in each damage and claim category" and "samples of pay records utilized in preparing the damage calculations." *Id.*; *see also* ECF No. 77-2. After review of these materials, the Court determines that the settlement amounts for each Plaintiff are fair and reasonable. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015).

Having satisfied that factor and the other *Wolinsky* factors, *see generally* Revised Letter, Revised Settlement, *see also* Order at 3–4, the Court concludes that the Revised Settlement meets each of the *Wolinsky* factors.

The Court previously found that the Settlement's liability release provision was too broad. *See* Order at 4–6. The Revised Settlement significantly narrows the scope of the release clause. The release clause now applies to Defendants instead of numerous entities beyond Defendants. Revised Settlement ¶ 1(l); *see also* ECF No. 78-1 ¶ 1(l). The release is also mutual. Revised Settlement ¶ 8; *see also* ECF No. 78-1 ¶ 8. Accordingly, the Court determines that the release clause of the Revised Settlement is fair and reasonable. *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (citing approval of release clauses that are "limited to the claims at issue in this action"); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving mutual releases of claims in FLSA settlement).

Plaintiffs' counsel have submitted a declaration and partially redacted billing records in support of their request for attorney's fees and costs. ECF Nos. 77-3–77-4. Plaintiffs' counsel "request that the Court approve Plaintiffs' attorney['s] fees, including costs, of $9,850.00," which they represent is "approximately one-tenth of the total amount recovered for Plaintiffs." Revised Letter at 9. Plaintiffs' counsel requests a lump sum of fees and costs—they do not specify how much they seek in fees and how much they seek in costs. Plaintiffs' counsel state that they "billed 491.10 hours in this matter," but do not note how many hours each attorney worked. ECF No. 77-3 ¶ 18; *Lopez*, 96 F. Supp. 3d at 181. In addition, some of the redactions in Plaintiffs' counsel's submission, *e.g.*, ECF No. 77-4 at 3, 9, prevent the Court from cross-referencing the requested fees with the documentation submitted in support of those fees. The

4

billing records also include work from attorneys not listed in counsel's request for fees. *Compare id.* at 8 (listing work performed by Joseph F. Farelli), *with* ECF No. 77-3 ¶¶ 13, 19 (requesting attorney's fees for Jane Lauer Barker, Stephen McQuade, and Joseph Bonomo). Due to these issues, the Court is unable to assess the reasonableness of the fee award sought or perform a lodestar cross-check. *Lopez*, 96 F. Supp. 3d at 181–82. Plaintiffs' counsel also fail to provide any factual support for their request for costs.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **July 26, 2023**, the parties may file a revised motion consistent with this order.

SO ORDERED.

Dated: July 5, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge