```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
WAYNE JOSEPH, SCOTT DENLEY,
ANTHONY BARBATO, BRYAN WALSH,
LATORIA BOSLEY, DARNELL EASON,
CERRONE DANZY, WORRELL FRANCIS,
LORENZO THOUSAND, and JASON
VASQUEZ,

                Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION
AUTHORITY and TRIBOROUGH BRIDGE
AND TUNNEL AUTHORITY,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/31/2023_

20 Civ. 5776 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs Wayne Joseph, Scott Denley, Anthony Barbato, Bryan Walsh, Latoria Bosley, Darnell Eason, Cerrone Danzy, Worrell Francis, Lorenzo Thousand, and Jason Vasquez bring this action against Defendants Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority, claiming, *inter alia*, unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *See generally* ECF No. 51. After reaching a settlement, ECF No. 75 at 10–18, the parties sought the Court's approval of their proposed settlement agreement. *See* ECF No. 75 at 1–8. On May 9, 2023, the Court denied the parties' motion without prejudice to renewal (the "May 9 Order"). ECF No. 76. On July 5, 2023, the Court denied the parties' renewed motion, Revised Letter, ECF No. 77, without prejudice to renewal (the "July 5 Order"). ECF No. 79 (noting deficiencies in Plaintiffs' counsel's request for attorney's fees and costs). Before the Court is the parties' renewed motion for settlement approval (the "Fees Letter"), ECF No. 80; *see also* Revised Letter; Revised Settlement, ECF No. 78-1. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.    <u>Legal Standard</u>

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. §§ 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve

agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Court previously found that the Revised Settlement met each of the *Wolinsky* factors. July 5 Order at 3–4 (citing May 9 Order at 3–4). The Court also found that the release clause in the Revised Settlement is fair and reasonable. *Id.* at 4. The Court shall now address Plaintiffs' counsel's request for attorney's fees.[1]

Plaintiffs' counsel seek a fee of $9,850. Fees Letter at 2. In the Fees Letter, Plaintiffs' counsel state that "[t]he requested fee is approximately one-tenth of the total amount recovered for Plaintiffs[,] [which] . . . is well below the one-third amount that courts have routinely approved in FLSA settlements in this Circuit and District." *Id.* The Revised Settlement provides

---

[1] Plaintiffs' counsel state that they "do not seek an award of costs." Fees Letter at 2. The Revised Settlement states that "Defendants shall pay a total settlement amount of . . . $115,008.96 . . . [including] $9,850 to Plaintiffs' [c]ounsel, as attorney['s] fees and costs." Revised Settlement ¶ 2. Based on the parties' filings, the $9,850 amount in the Revised Settlement only refers to the fee award.

Plaintiffs with a recovery of $105,158.96, exclusive of attorney's fees.  Revised Settlement ¶ 2; May 9 Order at 3.

The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted).  "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).  As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiffs' counsel at Pitta LLP submitted declarations and contemporaneous time records that document their work on this matter.  Fees Letter at 2–3; *see* ECF Nos. 80-1–80-2.  Plaintiffs' counsel request fees for the following individuals:

- Jane Lauer Barker and Stephen McQuade, partners who billed approximately 149.40 and 98.60 hours, respectively, at a rate of $275 per hour, ECF No. 80-1 ¶¶ 1, 13, 15, 20;
- Andrew Midgen, a partner who billed approximately 30 hours at a rate of $225 per hour, Fees Letter at 2–3, ECF No. 80-1 ¶¶ 17, 20; and
- Joseph Bonomo, a senior associate who billed approximately 261.60 hours at a rate of $225 per hour, Fees Letter at 2–3, ECF No. 80-1 ¶¶ 13, 16, 20.

The Court finds these rates reasonable.  *See Hernandez v. El Azteca y El Guanaco Rest Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *2 (S.D.N.Y. Dec. 9, 2021); *Ramirez v. Da Marcella 51 Inc.*, No. 14 Civ. 8532, 2017 WL 11568479, at *2 (S.D.N.Y. Feb. 3, 2017).  The lodestar of $133,810 compared to the requested $9,850 results in a multiplier of approximately

0.07.[2]  "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).  On this basis, the Court accepts the multiplier of 0.07, and determines attorney's fees to be reasonable under the circumstances, particularly given that it amounts to less than a third of the total settlement award.  *See, e.g.*, *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases).

Accordingly, the Court approves the Revised Settlement as fair and reasonable and shall grant Plaintiffs' counsel's request for attorney's fees.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval, Revised Letter, Fees Letter, is GRANTED.  The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: July 31, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Plaintiffs' counsel represent that the lodestar, which they "determined by multiplying the hours expended times the hourly rates charged by Pitta LLP for non-contingency labor and employment cases . . . , is between $167,210[] and $206,550[]." ECF No. 80-1 ¶ 21. Based on Plaintiffs' counsel's calculations, the fees sought are "between 5% and 6% of the lodestar." *Id.*  The Court's lodestar calculation is based on counsel's rates and hours worked.